1
2
3
4

Jeffrey F. Kagan (SBN 193240)
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile:  310.836.4801

5
6

Attorney for Plaintiff
CETERA FINANCIAL GROUP, INC.

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| CETERA FINANCIAL GROUP, INC., | Case No.: 2:20-cv-03710 |
| Plaintiff, | **PLAINTIFF CETERA FINANCIAL GROUP, INC.'S COMPLAINT FOR DAMAGES** |
| v. | |
| MICHAEL KOLACZ | |
| Defendant. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff CETERA FINANCIAL GROUP, INC. alleges as follows:

## JURISDICTION

1.      This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

## VENUE

2.       Venue is proper based upon a forum selection agreement between the parties hereto to resolve all disputes in Los Angeles, California, either in State or Federal Court.

## THE PARTIES

3.    Plaintiff Cetera Financial Group, Inc. ("Cetera") is a limited liability company and is headquartered at 200 N. Pacific Coast Highway, Suite 1200, El Segundo, California, 90245.

4.      Defendant Kolacz is a resident of the state of Texas. Kolacz is currently affiliated with International Assets Advisory, LLC located at 2600 Ridge Rd., Rockwall, TX 75087.

## STATEMENT OF FACTS

5.       Defendant Kolacz and a subsidiary of Cetera entered into an independent contractor agreement ("ICA") (attached hereto as Exhibit 1) on or about October 18, 2013. That agreement allowed Defendant to operate as a Cetera registered representative.   Defendant terminated his registration with Cetera on April 22, 2016.

**A.        PROMISSORY NOTE #1**

6.      On or about November 1, 2013, Kolacz executed a Promissory Note with clear terms ("Note #1", attached hereto as Exhibit 2). In return, Defendant received a loan in the amount of ONE HUNDRED AND SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($175,000).

7.      According to the terms of Note #1, beginning on December 31, 2014,

1

PLAINTIFF CETERA FINANCIAL GROUP, INC.'S COMPLAINT FOR DAMAGES

and annually thereafter, for a period of five (5) years, the borrower shall make payments equal to the accrued but unpaid interest, plus 1/5th of the original principal amount such that all the principal amount and interest shall be fully amortized and repaid no later than December 31, 2018.

8.      On or about April 22, 2016, Defendant terminated his registration with Cetera. At the time Defendant's registration terminated with Cetera, Defendant had not fully repaid Note #1. A repayment schedule showing the amount owed, interest rate, interest accrued, and payments applied to the outstanding balance is attached as Exhibit 3.

9.      Accordingly, $124,915.19 of Defendant's repayment obligation, pursuant to Note #1, remains due and payable immediately to Cetera since Defendant terminated his registration prior to repayment of Note #1.

**B.      PROMISSORY NOTE #2**

10.      On or about November 1, 2013, Kolacz executed a second Promissory Note with clear terms ("Note #2", attached hereto as Exhibit 4). In exchange, Kolacz received a loan in the amount of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000).

11.      According to the terms of Note #2, beginning on January 31, 2014, and on or before the last day of each month thereafter for a period of five (5) years thereafter, the borrower shall make payments equal to the accrued but unpaid interest, plus 1/60th of the original principal amount such that all the principal amount and interest shall be fully amortized and repaid no later than December 31, 2018.

12.      On or about April 22, 2016, Defendant terminated his registration with Cetera. At the time Defendant's registration terminated with Cetera, Defendant had not fully repaid Note #2. A repayment schedule showing the amount owed, interest rate, interest accrued, and payments applied to the outstanding balance is attached

PLAINTIFF CETERA FINANCIAL GROUP, INC.'S COMPLAINT FOR DAMAGES

as Exhibit 5.

13.    Accordingly, $56,989.21 of Defendant's repayment obligation, pursuant to  Note #2, remains due and payable immediately to Cetera since Defendant terminated his registration with Cetera prior to repayment of Note #2.

14.    As of the date Kolacz terminated his registration with Cetera, the outstanding balance of Note #1 and Note #2 (collectively the "Notes") immediately due and payable to Cetera is $181,904.40.

15.    After Defendant terminated his registration with Cetera, Cetera sent several demand letters to Defendant (the "Demand Letters", attached hereto collectively as Exhibit 6) demanding payment for the total amount owed. As of the date of this filing, Defendant has not responded to the Demand Letters.

16.    Despite Cetera's many attempts to collect the debt, the balance of $182,891.89 remains due and payable by Kolacz to Cetera for the Notes and the debit balance.

## CLAIM  I

### BREACH OF PROMISSORY NOTE

17.    Cetera realleges paragraphs 1 through 16.

18.    Cetera and Defendant clearly executed two negotiable instruments in the form of Promissory Notes 1 and 2.

19.    By engaging in the acts set forth above, Defendant breached the repayment terms of both Promissory Notes, causing damages to Cetera in the amount of $182,891.89, plus interest.  In addition, Cetera was required to obtain counsel to bring the instant action, thereby incurring additional damages in an amount yet to be determined but for which Defendant is responsible.

## CLAIM II

### BREAH OF CONTRACT

20.    Cetera realleges paragraphs 1 through 16.

21.    Cetera and Defendant entered into at least two written agreements in the form of Promissory Notes.

22.    By engaging in the acts set forth above, Defendant breached the repayment terms of both Promissory Notes, causing damages to Cetera in the amount of $182,891.89, plus interest.  In addition, Cetera was required to obtain counsel to bring the instant action, thereby incurring additional damages in an amount yet to be determined but for which Defendant is responsible.

## CLAIM III

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

23.    Cetera realleges paragraphs 1 through 16.

24.    In executing both Promissory Notes, Defendant impliedly covenanted to operate in good faith and deal fairly with Cetera in repaying the loans at issue.

25.     By engaging in the acts set forth above, Defendant breached the repayment terms of both Promissory Notes, causing damages to Cetera in the amount of $182,891.89, plus interest.  In addition, Cetera was required to obtain counsel to bring the instant action, thereby incurring additional damages in an amount yet to be determined but for which Defendant is responsible.

## PRAYER FOR RELIEF

**WHEREFORE,** Cetera hereby requests the following relief:

A. Actual damages in the amount of $182,891.89 pursuant to the amount owed for the Notes and the Debit Balance;

B. Interest on $124,915.19 pursuant to Note #1 accrued from March 31, 2017 through the date of payment in full;

C. Interest on $56,989.21 pursuant to Note #2 accrued from January 31, 2019 through the date of payment in full;

D. All costs incurred by Cetera in connection with the enforcement and

collection of the amount owed, including but not limited to costs of suit and arbitration costs;

E. Attorneys' fees incurred in connection with the filing of this Complaint.


**WINGET SPADAFORA &
SCHWARTZBERG LLP**

Dated: April 22, 2020        By:    /s/ Jeffrey F. Kagan
                                    _____
                                    Jeffrey F. Kagan
                                    Attorney for Plaintiff
                                    CETERA FINANCIAL GROUP, INC.

PLAINTIFF CETERA FINANCIAL GROUP, INC.'S COMPLAINT FOR DAMAGES

# Exhibit
# 1



**Cetera** ADVISORS LLC
Member FINRA/SIPC
4600 S Syracuse St, Ste. 600
Denver, CO 80237 • 800.929.3485

# INDEPENDENT CONTRACTOR AGREEMENT

**This agreement**, entered into this ___8___ day of ___Oct___, 201_3_, in Denver, Colorado, by and between **Cetera Advisors LLC**, hereafter referred to as "Cetera Advisors ," and ___Michael Kolacz___ hereafter referred to as "Representative."

**Now, therefore**, in consideration of Representative agreeing to solicit for the purchase and sale of investment company shares, other securities and investments on behalf of Cetera Advisors , and Cetera Advisors agreeing to provide Representative with necessary back office and other services, Cetera Advisors and Representative covenant as follows:

## Witnesseth:

1. **Duties:**

   a. Representative having duly registered through the Financial Industry Regulatory Authority, Inc. (FINRA) and being duly licensed to solicit for the purchase and sale of securities in each state where solicitations are to be made, is hereby engaged by Cetera Advisors as an independent contractor to solicit and obtain applications and orders for the purchase and sale of investment company shares and other securities or investments.

   b. Representative has the authority to collect, receive and receipt for all checks and/or money orders made payable to Cetera Advisors or appropriate custodian bank relating to such purchases or sales, and Representative agrees to promptly remit all such checks to Pershing LLC, a subsidiary of The Bank of New York Mellon Corporation, or the product sponsor company at it's principal office. Representative does not have the authority and hereby agrees not to collect cash or money orders from customer in payment of purchases.

   c. Representative shall promptly submit to Cetera Advisors at its principal office all applications and orders for the purchase or sale of investment company shares and other securities or investments solicited pursuant to this Agreement.

2. **Relationship:**

   a. Nothing herein shall be construed to create the relation of employer and employee between Cetera Advisors and Representative, nor between any employee of Cetera Advisors and Representative. Representative shall be free to exercise his/her own judgement as to those persons from whom he/she will solicit applications and orders, the method of solicitation and the time and place of solicitation; provided, however, that in such activities Representative shall conform to such "supervision" and policies as may be established by Cetera Advisors in order to comply with all applicable statutes, rules and regulations governing the solicitation of application and orders for the purchase or sale of securities. Representative shall be free to devote whatever time he/she chooses to any other business. Representative agrees, however, that he/she will immediately notify Cetera Advisors in writing of he/she acquires or obtains any interest or affiliation, or engages in any employment relating to the sale of securities or investments, either directly or indirectly, either alone or with any person or entity other than Cetera Advisors , or relating to any other activity that would cause a conflict of interest on the part of the Representative with respect to Cetera Advisors . The term "supervision" as required by the conduct rules of the FINRA, and certain other securities regulation, relates only to the propriety or impropriety of making offers for the sale and purchase of securities. Such term is not used to connote, nor shall it be deemed to mean, the exercise of any degree of control by Cetera Advisors that would cause the Representative to be anything other than an independent contractor vis-à-vis Cetera Advisors . The Representative will not have to report to any employee of Cetera Advisors and is free to work as much or as little as he/she chooses in any location of his/her choice. Representative will have complete control over the details of his/her work and he/she is free to engage in any other employment or activity he/she chooses that does not create a conflict of interest with his/her responsibilities under this Agreement.

   b. Representative, as an independent contractor, shall promptly pay all expenses relating to the performance of his/her duties[i] hereunder, including but not limited to, financial planning charges, office rentals, transportation costs, costs of office equipment and facilities, advertising expenses, long distance telephone toll and other communication charges, cost of stationery and business cards, license registration fees, errors an omission liability coverage premium, bonding fees and any national or regional securities exchange fees, where applicable, subject to any prior written agreements between the Representative, Cetera Advisors and any third party.

   Representative agrees that any person or persons whom Representative shall employ to assist Representative in the performance of his/her duties hereunder shall be the employee of Representative and shall not be an employee or agent of Cetera Advisors . Representative agrees that he/she will comply with all federal and applicable state laws relating to the employment of labor and including, but not limited to, compliance with provisions of the Internal Revenue Code relating to payroll taxes and compliance



with applicable state laws relating to worker's compensation. Representative shall take such steps as are necessary and appropriate to ensure that none of such persons misconceive his or her relationship with Cetera Advisors .

c. Representative shall have no authority to bind Cetera Advisors by any statement, promise, representation, agreement or contract of any kind, or to waive any of Cetera Advisors' right or to obligate Cetera Advisors in any way unless specifically authorized to do so by Cetera Advisors in writing.

d. This Agreement is one for the services of Representative who shall not be entitled to assign or delegate to any other person the authority and obligations assumed or any rights, claims or interests granted or arising hereunder.

3. **Compliance:**

a. As part of the proper performance of his/her duties hereunder, Representative shall familiarize him/herself with, and at all times during the term of this Agreement shall comply with, the rules of FINRA, the statutes, regulations, rules and statements of policy promulgated and administered by the Securities and Exchange Commission, all other statutes, regulations and rules of the federal government, any state or municipal governmental or regulatory agency or the rules or policy of any national or regional securities exchange which Cetera Advisors is or may become a member, any of which may now or hereafter apply to Representative's activities hereunder.

b. Representative shall timely apply for, obtain and maintain all necessary licenses, permits and registrations as shall be required by any statute, rule or regulation in connection with Representative's activities hereunder.

c. Representative shall not use in connection with his/her solicitation activities hereunder, whether by direct mail, personal distribution of printed material, newspapers, radio, television or by any other media, any sales or advertising literature not specifically supplied and authorized by Cetera Advisors for that purpose until he has first obtained prior written approval of his/her proposed use of such literature by the appropriate officer of Cetera Advisors who has been designated responsible for such approval.

d. In soliciting the purchase or sale of any security or investment hereunder, Representative shall fully disclose all material facts relating thereto (which shall include delivery of a current prospectus or offering circular relating to such security or investment to be purchased if one is then in effect), shall not make any untrue statement and shall fully explain the terms of any contractual arrangements relating thereto too the prospective seller or purchaser.

e. Representative agrees that he/she shall neither offer nor sell any security or investment to any purchasers, without the written approval of an officer of Cetera Advisors, and further agrees to submit to either of said officers the document or writing by which the offer of any said security is made prior to the giving of any approval as required herein. Whenever appropriate, the approval called for herein shall be evidenced by a dealer agreement, signed by Cetera Advisors, with the issuer or underwriter of said security or investment product. It is further understood that the approval called for herein shall not be required as to any security listed on any national or regional stock exchange.

4. **Payment of Commissions, Refunds, Advances, Liens:**

a. Cetera Advisors shall pay Representative commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation in accordance with the "Commissions Payout" for sales representatives of Cetera Advisors in effect at the time any such orders or applications received from Representative are approved and accepted by Cetera Advisors at its principal office. It is further agreed that such commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation shall not become earned by, or payable to Representative until said orders and applications are accepted by Cetera Advisors, payments for same received from purchaser and all events which establish the right of Cetera Advisors to receive payment of commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation respecting the subject transaction and actual receipt by Cetera Advisors of such commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation have occurred. Representative's right to payment of commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation shall also be subject to Cetera Advisors' refund rights as set forth in Section 4.b below.

Cetera Advisors may from time to time in its sole discretion and without notice, increase or decrease rates and amounts of commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation and make any other changes in the "Commissions Payout;" provided however, no such change shall be made retroactive or without having equal application to all other Representatives who have executed an Independent Contractor Agreement with Cetera Advisors which is then in effect.

b. Cetera Advisors reserves the right, in its sole discretion, to refund any purchaser all or any part of payments made by him/her, and Representative agrees to reimburse Cetera Advisors promptly for its expenses in connection therewith. Representative also agrees to promptly repay Cetera Advisors all commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation received by him/her with respect to any such refunded payments, and Cetera Advisors is hereby authorized to deduct from any commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation due or that may become due to Representative hereunder the amount owed for any such repayment of commissions, trails, 12b1, concessions,

c.  Any and all monies which may be advanced by Cetera Advisors or Representative over and above the commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation actually due and payable by Cetera Advisors to Representative hereunder (including but not limited to commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation advanced on contractual plans which may later become unearned) at the time of such advances shall constitute personal loans from Cetera Advisors to Representative and shall be a period of six (6) months or where demand has been made (except in the case of advances made on contractual plans where the purchaser is current in his/her payments) shall bear interest at the maximum legal rate from the date. After termination of this Agreement for any reason whatsoever, any such loan then outstanding shall automatically and immediately become due and payable, and if not then bearing interest pursuant to the provisions of the preceding sentence shall bear interest at the maximum legal rate from the date of termination until date of repayment. If any such loan is not paid in full or if no agreement has been reached between Representative and Cetera Advisors within three (3) months after termination, Representative shall pay, as liquidated damages, in addition to the interest, an amount equal to the maximum rate of interest calculated retroactively from the date such loan first became outstanding until it is paid in full. Any monies advanced by Cetera Advisors to Representative may be set off or charged by Cetera Advisors against any amounts due Representative from Cetera Advisors at any time. In the event Cetera Advisors is required to retain legal counsel to collect said indebtedness, Representative agrees to pay all costs of collection including all reasonable attorney fees and court costs.

d.  Cetera Advisors shall have a lien on all securities or investments owned by Representative which are in Cetera Advisors' possession to secure repayment of any aforesaid loans or any other sums or claims due Cetera Advisors from Representative and in the event such loans, sums or claims are not paid when due, Cetera Advisors shall be entitled, without further notice to Representative, to sell or dispose of any such securities or investments on such terms and conditions as Cetera Advisors, in its sole discretion, determines to be the best then available use of the net proceeds there from, to the extent necessary to satisfy payment of such owed sums, claims, loans and all interest accrued thereon and remit the remaining proceeds, if any, to Representative; provided, however, Representative shall remain personally liable for the excess of any such owed sums, claims and loans over such net proceeds. In addition, Cetera Advisors is granted a lien on all commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation now or thereafter due to Representative, such lien to secure repayment on any such advances made by Cetera Advisors to Representative and any and all sums now or hereafter due Cetera Advisors from the Representative, and for any other claims by Cetera Advisors against him/her, now existing or hereafter arising. For the purpose of such lien, Representative hereby assigns all such commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation to Cetera Advisors. Cetera Advisors shall be entitled to apply all such commissions, trails, 12b1, concessions, advisory fees and all other forms of compensation toward the reduction of such advances, sums or claims until the same have been satisfied in full. These liens and this assignment shall survive the termination of this Agreement.

**5.  Cetera Advisors' Right to Deduct for Taxes, License Fees, Etc:**
Representative agrees that Cetera Advisors may, at any time, deduct from any commissions earned pursuant to this Agreement such amounts to pay such taxes, license or registration fees, errors and omission liability coverage premium, bonding fees or costs of making reports and returns or other similar items payable or to be made payable, by Representative in connection with performance of his duties hereunder. Cetera Advisors shall pay any amounts deducted for this purpose to the appropriate governmental or regulatory authority without any liability to Representative of the amounts so deducted. Such actions of Cetera Advisors shall be deemed justified and without negligence whenever they are taken pursuant to administrative instructions from a governmental or regulatory agency or upon advice of legal governmental or regulatory agency or upon advice of legal counsel. Cetera Advisors shall not be required to contest any such governmental or regulatory instructions on behalf of Representative unless first indemnified in cash against all costs and expense, including reasonable attorney fees, which may be incurred by Cetera Advisors in such contest.

**6.  Termination:**
a.  **Without Cause**
(1)  This Agreement may be terminated by either party without cause at any time by giving thirty (30) days written notice to the other party through the U.S. mail, certified, return receipt requested (or other similar document delivery company), addressed to the other party hereto either at Representative's last known address as contained in Cetera Advisors' records (such address may be changed from time to time by written notice thereof being sent and filed with Cetera Advisors), or to Cetera Advisors at its then principal place of business. In addition, the agreement shall automatically terminate in the event of the death of the Representative.

(2)  If termination of this Agreement is pursuant to the terms of Section 6. a. (1), Cetera Advisors shall continue to pay Representative after termination, or to his/her estate after his/her death, so long as such action is not contrary to law, all commissions on those orders and applications received from Representative and approved and accepted by Cetera Advisors prior to the date of termination, and which were earned under Section 4 hereof less such deductions or set-offs as Cetera Advisors may be entitled to hereunder.

b. **With Cause**

   (1) In the event Representative is declared a bankrupt; makes an assignment for the benefit of creditors; has a receiver or trustee appointed for his/her property; fails to comply with and of the terms, conditions and obligations of this Agreement; conducts him/herself in any manner which Cetera Advisors, in its unrestricted discretion, determines to be detrimental to its business or reputation; or in any way acquires, obtains or engages in any interest, affiliation or employment relating to the solicitation of the purchase or sale of securities or investments, either direct or indirect, either alone or with any person or entity other than Cetera Advisors, Cetera Advisors may immediately terminate this Agreement, such termination being retroactive to the happening of such event(s) and Cetera Advisors' obligation to pay commissions, either first year or otherwise, shall immediately cease upon such termination, without notice; and such termination shall in no way affect Cetera Advisors' right to collect any amounts which may be due it from Representative.

   (2) If any of the grounds for termination pursuant to Section 6.b.(1) above shall exist at the time of a termination pursuant to Section 6 a., it shall be deemed a termination pursuant to Section 6.b. (1) for the purpose of determining whether any commissions are due Representative after termination. Failure of Cetera Advisors to terminate this Agreement after knowledge that grounds for termination exist under Section 6.b.(1) above shall not be deemed a waiver by Cetera Advisors of its rights to terminate this Agreement under such Section at any later date.

**7. Entire Agreement:**
This Agreement supersedes all previous agreements, whether oral or written, between Cetera Advisors and Representative, and embodies all representations, inducements, understandings and agreements of the parties hereto relating to the subject matter hereof. The terms hereof may not be changed except in writing duly signed by Cetera Advisors and the Representative. Time is of the essence of this Agreement.

**8. Severability:**
If any of the provisions of this Agreement are held unlawful, void or unenforceable, such event shall not affect the enforceability of the remaining provisions.

**9. Arbitration:**
Any controversy or claim between the parties during the term of this contract or otherwise shall be settled by arbitration in Denver County, Colorado, in accordance with the then current rules of FINRA, and judgment upon the award may be entered in any court having jurisdiction. Reasonable expenses, attorneys' fees and costs incurred therein shall be paid in accordance with the award of the arbitrators. All questions concerning the validity and construction of this Agreement shall be determined under the laws of Colorado.

**10. Colorado Contract:**
This agreement shall be deemed a Colorado contract and shall be governed by and construed according to the laws thereof. Any notice to be given to Cetera Advisors under this Agreement shall be addressed to Cetera Advisors at its principal place of business, 4600 S Syracuse St, Ste. 600, Denver, CO 80237. Any notice to be given to Representative shall be addressed to Representative at his/her last known address as the same appears on Cetera Advisors' records.

**11. Counterpart Agreement:**
This Agreement shall be executed in one original, part of which each copy shall be deemed an original.

**In witness whereof,** Cetera Advisors and Representative have executed this Agreement on the day and year first above written.

**Cetera Advisors LLC**

10/18/13
Date

By: _____
Representative

11/6/13
Date

By: _____
OSJ Manager

11-7-13
Date

By: _____
Corporate Officer of Cetera Advisors LLC

# Exhibit

# 2



**PROMISSORY NOTE**

**$175,000**                                                El Segundo, CA
                                                           November 1, 2013

1.    For value received of **$175,000** the receipt and adequacy of which are hereby acknowledged, the undersigned **Michael Kolacz**, residing at **1650 S. John King Blvd #507, Rockwall, TX 75032**, (the "*Borrower*"), enter into this Promissory Note (the "*Note*") and promises to pay to the order of Cetera Financial Group, Inc. **("Cetera")**, or its successors or assigns (the "*Holder*"), at 200 N. Sepulveda Blvd., Ste. 1200, El Segundo, CA 90245, or at such other place as the Holder hereof may from time to time specify, the principal sum of **One Hundred Seventy Five Thousand Dollars ($175,000)** (the "**Principal Amount**") with the Principal Amount and all accrued but unpaid interest thereon to be due and payable as specified in this Note until all principal balance, accrued interest and costs are fully paid which shall not be later than **December 31, 2018**. The Principal Amount reflects the amount due by Borrower to Cetera pursuant to a loan made by Cetera to Borrower on the date hereof.

The Borrower is obligated to repay the entire principal sum, any interest payments and any additional costs contemplated herein, and the Holder is hereby authorized to enforce the terms herein against Borrower.

The Borrower acknowledges that this Note shall not be effective unless and until countersigned by Cetera where indicated below. Until such time as the Note is countersigned, Cetera shall be under no obligation whatsoever to comply with the terms herein.

**Interest**

2.    Interest shall accrue on the outstanding Principal Amount from the date hereof, until fully paid, at **Six and a half percent (6.50%)** per annum (the "*Interest Rate*"). All computations of interest shall be made on the basis of a 360 day year for the actual number of days (including the first day but excluding the last day) occurring in the period for which interest is payable.

**Allocation of Payments**

3.    Any payments received by the Holder of this Note shall be applied first to any costs and expenses incurred by the Holder in connection with the exercise of any rights and remedies hereunder, second, against any interest then due and payable, and third, to any repayment or prepayment of the unpaid Principal Amount of this Note.

**Prepayments of Principal and Interest**

4.    The Borrower shall be entitled to prepay this Note (including any accrued but unpaid interest thereon through the date of prepayment), in whole or in part, without penalty, prior to maturity

**Default**

5.    Any one or more of the following events shall constitute an "*Event of Default*":

a.    The Borrower fails to pay when due any installment of principal and interest under this Note, and the same shall go unremedied for a period of ten (10) Business Days. For purposes of this Note, "Business Days" shall mean any day, other than Saturday, Sunday or legal holidays, in which banks in the State of California are open;

b.    Any event or condition shall occur which results in the acceleration of the maturity of any material indebtedness of the Borrower or enables the holder or holders of such indebtedness or any trustee or agent for such holders (any required notice of default

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 1 of 6

having been given and any applicable grace period having expired) to accelerate the maturity of such indebtedness, and continuance of such default for a period of ten (10) Business Days;

        c.      The Borrower, or any entity controlled by the Borrower, becomes insolvent as defined in the Uniform Commercial Code as in effect at that time in the State of California;

        d.      The Borrower (i) commences a voluntary case or other proceeding or files a petition seeking liquidation, reorganization or other similar relief under any federal, state or foreign bankruptcy, insolvency or other similar laws now or hereafter in effect or seeking the appointment of a custodian, trustee, receiver, liquidator or other similar official of his or its any substantial part of his or its property, (ii) consents to the institution of, or fails to contest in a timely and appropriate manner, any proceeding or petition described in clause (i) above, (iii) applies for or consents to the appointment of a custodian, trustee, receiver, liquidator or other similar official for himself or itself or a substantial part of his or its assets, (iv) files an answer admitting any of the allegations of a petition filed against it in any such proceeding, (v) makes a general assignment for the benefit of his or its creditors, (vi) admits in writing that he or it is unable to pay his or its debts generally as they become due or (vii) takes any action for the purpose of effecting any of the foregoing;

        e.      The Borrower commences or is the subject of an involuntary proceeding or an involuntary petition concerning any entity controlled by the Borrower seeking (i) liquidation, reorganization or other similar relief in respect of the Holder or his debts, or any substantial part of his assets, under any federal, state or foreign bankruptcy, insolvency or other similar laws now or hereafter in effect or (ii) the appointment of a custodian, trustee, receiver, liquidator or other similar official for an entity controlled by either of the Borrower or for a substantial part of his assets, and in each such case, such proceeding or petition shall remain undismissed for a period of forty-five (45) calendar days or an order or decree approving or ordering any of the foregoing shall be entered; or

        f.      The Borrower (i) fails to maintain (whether based on action or inaction), terminates, is terminated (with or without cause), or resigns his or her securities registration with a Cetera affiliated broker-dealer, (ii) becomes registered with a broker/dealer other than a Cetera affiliated broker-dealer, (iii) makes a material misstatement, misrepresentation or omission for the purpose of obtaining the loan evidenced hereby or inducing a Cetera affiliated broker-dealer to enter into or maintain the Relationship (as defined below).

### Enforcement; Remedies; Right to Offset

6.      Upon the occurrence of:

     a.   Immediately upon the death of the Borrower; or

     b.   An Event of Default as defined in Section 5 hereof, then,

       i.   Unless the Note will remain due and payable by written agreement, all amounts due shall immediately accelerate and the Holder shall declare the unpaid Principal Amount and any accrued but unpaid interest thereon, to be immediately due and payable and the Borrower agrees to provide prompt and complete payment to Holder;

       ii.   The Interest Rate shall immediately increase to the rate set forth as the Default Rate of Interest below and shall immediately commence to accrue on the unpaid Principal Amount.

       iii.   The Holder may proceed to protect and enforce its rights by suit in equity, action at law or by other appropriate proceeding, whether for the specific performance of any covenant or agreement contained herein, or in aid of the exercise of any power granted herein, or may proceed to enforce any other legal right which Holder may have, whether at law or in equity, all of which it hereby expressly reserves.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 2 of 6

To secure the repayment of this Note, and any renewal, extension, consolidation or subsequent loan made by Cetera or Holder to Borrower, Borrower hereby grant Holder a security interest in the following Collateral:

    a.    A security interest in and right of offset against all commissions, bonuses and other compensation, payments, overrides of any kind, however denominated, which are payable by Cetera, Holder, or any company affiliated with either of them, to Borrower relating to business produced by Borrower; and

    b.    A security interest in and right of offset against all commissions, bonuses and other compensation, overrides, vested insurance overrides, or payments of any kind, however denominated, which are payable by other entities to Borrower relating to business produced by Borrower.

Borrower warrants that title to the Collateral is free and clear of encumbrances. Borrower further warrants that he has full right and authority to execute this Note and all related documents. Borrower agrees to execute financing statements and other documents as requested by Holder which are necessary to perfect the security interest given herein, and to reimburse Holder for all fees and costs incurred in perfecting and maintaining its security interests, including, without limitation, UCC filing fees.

Borrower agrees that upon one day's prior notice, Holder shall have the right to inspect the Collateral and the right to audit and copy Borrower's books and records related to the Collateral.

### Default Rate of Interest

7.    Upon the occurrence of any Event of Default, interest at a rate equal to the lesser of (i) double the current Interest Rate as defined in Section 2 [(6.50%)*2] per annum, or (ii) the maximum amount permitted by law, shall immediately commence to accrue on the unpaid balance of principal and interest hereunder.

### Remedies Cumulative

8.    All rights, remedies, or powers hereby conferred upon Holder shall, to the extent not prohibited by law, be deemed cumulative and not exclusive of any other thereof, or any other rights, remedies or powers available to Holder. No delay or omission of Holder to exercise any right, remedy or power shall impair any such right, remedy or power nor be construed to be a waiver of an Event of Default or an acquiescence therein. Any right, remedy or power conferred upon Holder hereunder may be exercised from time to time, independently or concurrently, and as often as it shall deem expedient. No waiver of any Event of Default by Holder shall extend to or shall affect any subsequent Event of Default. No single or partial exercise of any right, remedy or power by Holder shall preclude further exercise thereof by Holder. Acceptance by Holder of partial payments following acceleration of the indebtedness evidenced hereby shall not constitute a waiver by Holder of the acceleration of such indebtedness.

### Costs and Expenses

9.    In the event of a dispute regarding this Note or if enforcement proceedings are required in order to collect this Note, the prevailing party shall be entitled to recover all reasonable costs and expenses, including attorneys' fees.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 3 of 6

### The Relationship

10.    During the term of this Note, Borrower shall maintain his securities registration with a Cetera affiliated broker-dealer, and that broker-dealer shall be the only broker-dealer with which the Borrower is registered (referred to herein as the "Relationship").

This Note confers no rights to registration or affiliation with any of the affiliated broker-dealers, and is entirely independent and unrelated to the Borrower's relationship with the broker-dealers.  Any issues related to the Relationship, including claims related or stemming from Borrower's affiliation or association with the broker-dealers are solely between the Borrower and applicable broker-dealer and have no impact on the Borrower's obligations with respect to this Note.

### Payment of Installments of Principal and Interest

11.    The Note shall be repaid as follows:

a.    Beginning on **December 31, 2014**, and annually thereafter on or before **December 31** for a period of **Five (5) years**, Borrower shall make payments equal to the accrued but unpaid interest, plus 1/5th of the original Principal Amount such that all the Principal Amount and interest shall be fully amortized and repaid no later than **December 31, 2018**.  Holder shall provide Borrower with an amortization schedule providing for minimum payments, at the interest rate as defined above.

b.    All payments shall be made in immediately available funds, consisting of United States currency and received by Holder at its address above, or deposited to such account or received at such alternate location as Holder may require by notice to Borrower, on or before the first business day of each calendar month thereafter for the duration of this Agreement.

c.    The Borrower at any time may elect to make a payment in excess of the minimum required payment with no pre-payment penalty.

### Miscellaneous

12.    Nothing contained in this Note, or in any other document relating hereto, shall be construed or so operate as to require Borrower to pay interest in an amount or at a rate greater than the highest rate permissible under applicable law.  Any interest or other charge paid by Borrower in excess of the highest rate permissible under applicable law shall be automatically credited against and in reduction of the principal balance, and any portion of said excess that exceeds the principal balance shall be paid by the Holder to Borrower.

### Severability

13.    If any provision (or any part of any provision) contained in this Note shall for any reason be held or deemed to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained herein, and the remaining provisions of this Note shall remain in full force and effect.

### Confidentiality

14.    Borrower agrees not to disclose, directly or indirectly, the terms or existence of this Note or any fact concerning its negotiation, execution or implementation to anyone; provided, however, Borrower may disclose the terms of the Note  (i) to the Borrower's spouse; (ii) to his legal counsel and accountant; (iii) to a court pursuant to subpoena or order; (iv) to taxing authorities as necessary to comply with any statute; and (v) as otherwise as required by law or industry regulation.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 4 of 6

## Amendment

15.    No amendment, supplement, modification, waiver, discharge or other change to this Note shall be binding unless executed in writing by all parties to be bound thereby. No waiver of any of the provisions of this Note shall be deemed or shall constitute a waiver of any other provision of this Note, nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

## Law to Govern

16.    This Note shall be governed by the internal substantive laws of the State of California.

## Venue

17.    The parties to this Note agree that any suit, action or proceeding arising out of or relating to this Note must be initiated or heard in a state or federal court, in the City of Los Angeles, County of Los Angeles, State of California.

## Time

18.    Time is of the essence in the payment and performance of this Note. Whenever, however, a payment hereunder becomes due on a day that is not a business day for the Holder, the due date for such payment shall be extended to the next succeeding business day and interest applicable to such amount shall accrue during any such extension.

## Assignment

19.    This Note may be assigned by Holder without the consent of Borrower. This Note may not be assigned by Borrower. Any attempt to assign this Note by Borrower shall be void.

## Power of Attorney; Confession of Judgment

20.    The undersigned authorizes any attorney at law to appear in any court of record of competent jurisdiction after the obligations of this Note become due, whether by acceleration or otherwise, to admit the maturity thereof, to waive the issuing of service of process and to confess a judgment against the undersigned in favor of any holder of this Note for the amount then appearing due and all reasonable costs and expenses, including attorneys fees.

**WARNING: BY SIGNING THIS NOTE, YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE, AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR, WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH ANY AGREEMENT, OR ANY OTHER CAUSE.**

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 5 of 6

THE UNDERSIGNED HEREBY WAIVES PRESENTMENT FOR PAYMENT, DEMAND, NOTICE OF DEMAND, NOTICE OF NONPAYMENT, NOTICE OF DISHONOR, PROTEST, NOTICE OF PROTEST AND DILIGENCE IN BRINGING SUIT AGAINST ANY PARTY HERETO.

"BORROWER"

_____
Michael Kolacz

_10-31-13_
Date

State of _Texas_ )
County of _Rockwall_ )

Before me, a notary in and for said county and state, personally appeared **Michael Kolacz**, who acknowledged his execution of the above Promissory Note as his free and voluntary deed for the purposes stated therein this _31_ day of _October_, 2013.

Matthew F Epstein
My Commission Expires
09/05/2016

_____
Notary Public

This Note shall not be effective until executed above and countersigned by an officer of Cetera. Until such time as this Note is countersigned, Cetera shall have no obligation to honor the Note offered or otherwise subject to the terms hereof.

Accepted and Approved

CETERA FINANCIAL GROUP, INC.,

By: _____

Print Name: _____

Title: _____

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 6 of 6

# Exhibit

# 3

# Loan Amortization Schedule     **Name**  Michael Kolacz                 **CFG0258**

Notes:

| Enter values | | Loan summary | |
|---|---|---|---|
| Loan amount | $175,000.00 | Scheduled number of payments | 5 |
| Annual interest rate | 6.50% | Scheduled payment amount | $42,111.04 |
| Loan period in years | 5 | **Balance Summary** | |
| Number of payments per year | 1 | Current Balance: | 111,083.13 |
| Loan Date | 11/1/2013 | Current Interest: | 41.10 |
| Booked/Paid Date | | Accumulated Interest: | 20,615.90 |
| Maturity Date | 12/31/2018 | | |

| Payments | Interest | Original Pmts |
|---|---|---|
| 46,375.00 | 11,375.00 | 46,375.00 |
| 44,100.00 | 9,100.00 | 44,100.00 |
| 36,310.20 | 6,825.00 | 41,825.00 |
| 36,324.40 | 4,550.00 | 39,550.00 |
| 36,338.74 | 2,275.00 | 37,275.00 |

| Pmt No. | Payment Date | Beginning Balance | Interest Rate | Adjustments | Payments | Interest | Cumulative Interest | Ending Balance | GDC Target | MIN Target | Bonus Pmt Calc |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0 | 11/1/13 | $175,000.00 | 6.50% | $ - | - | $ - | $ - | $ 175,000.00 | | | |
| 1 | 12/31/14 | 175,000.00 | 6.50% | | 46,375.00 | 11,375.00 | 11,375.00 | 140,000.00 | 272,553 | 136,277 | 17.0150% |
| | 1/31/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 2/28/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 3/31/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 4/30/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 5/31/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 6/30/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 7/31/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 8/31/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 9/30/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 10/31/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| | 11/30/15 | 140,000.00 | 6.50% | | | - | 11,375.00 | 140,000.00 | | | |
| 2 | 12/31/15 | 140,000.00 | 6.50% | | 34,450.37 | 9,100.00 | 20,475.00 | 114,649.63 | 286,180 | | 15.4099% |
| | 1/31/16 | 114,649.63 | 6.50% | | 926.85 | 52.27 | 20,527.27 | 113,775.05 | | | |
| | 2/29/16 | 113,775.05 | 6.50% | | 1,235.80 | 47.53 | 20,574.80 | 112,586.78 | | | |
| | 3/31/16 | 112,586.78 | 6.50% | | 1,544.75 | 41.10 | 20,615.90 | 111,083.13 | | | |
| | 4/30/16 | 111,083.13 | 6.50% | | 1,235.80 | 2,307.95 | 22,923.85 | 112,155.28 | | | |
| | 5/31/16 | 112,155.28 | 13.00% | | | 1,215.02 | 24,138.86 | 113,370.29 | | | |
| | 6/30/16 | 113,370.29 | 13.00% | | | 1,228.18 | 25,367.04 | 114,598.47 | | | |
| | 7/31/16 | 114,598.47 | 13.00% | | | 1,241.48 | 26,608.52 | 115,839.95 | | | |
| | 8/31/16 | 115,839.95 | 13.00% | | | 1,254.93 | 27,863.46 | 117,094.89 | | | |
| | 9/30/16 | 117,094.89 | 13.00% | | | 1,268.53 | 29,131.98 | 118,363.41 | | | |
| | 10/31/16 | 118,363.41 | 13.00% | | | 1,282.27 | 30,414.25 | 119,645.68 | | | |
| | 11/30/16 | 119,645.68 | 13.00% | | | 1,296.16 | 31,710.42 | 120,941.85 | | | |
| | 12/31/16 | 120,941.85 | 13.00% | | | 1,310.20 | 33,020.62 | 122,252.05 | | | |
| | 1/31/17 | 122,252.05 | 13.00% | | | 1,324.40 | 34,345.02 | 123,576.45 | | | |
| | 2/28/17 | 123,576.45 | 13.00% | | | 1,338.74 | 35,683.76 | 124,915.19 | | | |

# Exhibit

# 4


Cetera™
FINANCIAL GROUP

## PROMISSORY NOTE

**$100,000**

El Segundo, CA
November 1, 2013

1.    For value received of **$100,000** the receipt and adequacy of which are hereby acknowledged, the undersigned **Michael Kolacz**, residing at **1650 S. John King Blvd #507, Rockwall, TX 75032**, (the "***Borrower***"), enter into this Promissory Note (the "***Note***") and promises to pay to the order of Cetera Financial Group, Inc. **("Cetera")**, or its successors or assigns (the "***Holder***"), at 200 N. Sepulveda Blvd., Ste. 1200, El Segundo, CA 90245, or at such other place as the Holder hereof may from time to time specify, the principal sum of **One Hundred Thousand Dollars ($100,000)** (the "**Principal Amount**") with the Principal Amount and all accrued but unpaid interest thereon to be due and payable as specified in this Note until all principal balance, accrued interest and costs are fully paid which shall not be later than **December 31, 2018**. The Principal Amount reflects the amount due by Borrower to Cetera pursuant to a loan made by Cetera to Borrower on the date hereof.

The Borrower is obligated to repay the entire principal sum, any interest payments and any additional costs contemplated herein, and the Holder is hereby authorized to enforce the terms herein against Borrower.

The Borrower acknowledges that this Note shall not be effective unless and until countersigned by Cetera where indicated below. Until such time as the Note is countersigned, Cetera shall be under no obligation whatsoever to comply with the terms herein.

### Interest

2.    The interest rate for each quarterly period during the term of this Note in which interest is calculated (the "Interest Period") shall be calculated to be the Base Interest Rate plus five (5) percentage points. The "Base Interest Rate" shall be equal to the greater of a rate equal to (i) the 3 Month Libor rate as displayed in the Bloomberg Financial Markets System (or, if not so appearing, as published in the "Money Rates" section of the Wall Street Journal or another national publication selected by Borrower) two Business Days prior to the first day of the next Interest Period, or (ii) 1.50%. All computations of interest shall be made on the basis of a 360 day year for the actual number of days (including the first day but excluding the last day) occurring in the period for which interest is payable.

### Allocation of Payments

3.    Any payments received by the Holder of this Note shall be applied first to any costs and expenses incurred by the Holder in connection with the exercise of any rights and remedies hereunder, second, against any interest then due and payable, and third, to any repayment or prepayment of the unpaid Principal Amount of this Note.

### Prepayments of Principal and Interest

4.    The Borrower shall be entitled to prepay this Note (including any accrued but unpaid interest thereon through the date of prepayment), in whole or in part, without penalty, prior to maturity.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 1 of 6

## **Default**

5.      Any one or more of the following events shall constitute an "***Event of Default***":

a.      The Borrower fails to pay when due any installment of principal and interest under this Note, and the same shall go unremedied for a period of ten (10) Business Days.  For purposes of this Note, "Business Days" shall mean any day, other than Saturday, Sunday or legal holidays, in which banks in the State of California are open;

b.      Any event or condition shall occur which results in the acceleration of the maturity of any material indebtedness of the Borrower or enables the holder or holders of such indebtedness or any trustee or agent for such holders (any required notice of default having been given and any applicable grace period having expired) to accelerate the maturity of such indebtedness, and continuance of such default for a period of ten (10) Business Days;

c.      The Borrower, or any entity controlled by the Borrower, becomes insolvent as defined in the Uniform Commercial Code as in effect at that time in the State of California;

d.      The Borrower (i) commences a voluntary case or other proceeding or files a petition seeking liquidation, reorganization or other similar relief under any federal, state or foreign bankruptcy, insolvency or other similar laws now or hereafter in effect or seeking the appointment of a custodian, trustee, receiver, liquidator or other similar official of his or its or any substantial part of his or its property, (ii) consents to the institution of, or fails to contest in a timely and appropriate manner, any proceeding or petition described in clause (i) above, (iii) applies for or consents to the appointment of a custodian, trustee, receiver, liquidator or other similar official for himself or itself or a substantial part of his or its assets, (iv) files an answer admitting any of the allegations of a petition filed against it in any such proceeding, (v) makes a general assignment for the benefit of his or its creditors, (vi) admits in writing that he or it is unable to pay his or its debts generally as they become due or (vii) takes any action for the purpose of effecting any of the foregoing;

e.      The Borrower commences or is the subject of an involuntary proceeding or an involuntary petition concerning any entity controlled by the Borrower seeking (i) liquidation, reorganization or other similar relief in respect of the Holder or his debts, or any substantial part of his assets, under any federal, state or foreign bankruptcy, insolvency or other similar laws now or hereafter in effect or (ii) the appointment of a custodian, trustee, receiver, liquidator or other similar official for an entity controlled by either of the Borrower or for a substantial part of his assets, and in each such case, such proceeding or petition shall remain undismissed for a period of forty-five (45) calendar days or an order or decree approving or ordering any of the foregoing shall be entered; or

f.      The Borrower (i) fails to maintain (whether based on action or inaction), terminates, is terminated (with or without cause), or resigns his or her securities registration with a Cetera affiliated broker-dealer, (ii) becomes registered with a broker/dealer other than a Cetera affiliated broker-dealer, (iii) makes a material misstatement, misrepresentation or omission for the purpose of obtaining the loan evidenced hereby or inducing a Cetera affiliated broker-dealer to enter into or maintain the Relationship (as defined below).

## **Enforcement; Remedies; Right to Offset**

6.      Upon the occurrence of:

a.      Immediately upon the death of the Borrower; or

b.      An Event of Default as defined in Section 5 hereof, then,

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 2 of 6

i.    Unless the Note will remain due and payable by written agreement, all amounts due shall immediately accelerate and the Holder shall declare the unpaid Principal Amount and any accrued but unpaid interest thereon, to be immediately due and payable and the Borrower agrees to provide prompt and complete payment to Holder;

ii.    The Interest Rate shall immediately increase to the rate set forth as the Default Rate of Interest below and shall immediately commence to accrue on the unpaid Principal Amount.

iii.    The Holder may proceed to protect and enforce its rights by suit in equity, action at law or by other appropriate proceeding, whether for the specific performance of any covenant or agreement contained herein, or in aid of the exercise of any power granted herein, or may proceed to enforce any other legal right which Holder may have, whether at law or in equity, all of which it hereby expressly reserves.

To secure the repayment of this Note, and any renewal, extension, consolidation or subsequent loan made by Cetera or Holder to Borrower, Borrower hereby grant Holder a security interest in the following Collateral:

a.    A security interest in and right of offset against all commissions, bonuses and other compensation, payments, overrides of any kind, however denominated, which are payable by Cetera, Holder, or any company affiliated with either of them, to Borrower relating to business produced by Borrower; and

b.    A security interest in and right of offset against all commissions, bonuses and other compensation, overrides, vested insurance overrides, or payments of any kind, however denominated, which are payable by other entities to Borrower relating to business produced by Borrower.

Borrower warrants that title to the Collateral is free and clear of encumbrances.  Borrower further warrants that he has full right and authority to execute this Note and all related documents. Borrower agrees to execute financing statements and other documents as requested by Holder which are necessary to perfect the security interest given herein, and to reimburse Holder for all fees and costs incurred in perfecting and maintaining its security interests, including, without limitation, UCC filing fees.

Borrower agrees that upon one day's prior notice, Holder shall have the right to inspect the Collateral and the right to audit and copy Borrower's books and records related to the Collateral.

**Default Rate of Interest**

7.    Upon the occurrence of any Event of Default, interest at a rate equal to Base Interest Rate (as defined above) plus 10 (ten) percentage points, shall immediately commence to accrue on the unpaid balance of principal and interest hereunder.

**Remedies Cumulative**

8.    All rights, remedies, or powers hereby conferred upon Holder shall, to the extent not prohibited by law, be deemed cumulative and not exclusive of any other thereof, or any other rights, remedies or powers available to Holder.  No delay or omission of Holder to exercise any right, remedy or power shall impair any such right, remedy or power nor be construed to be a waiver of an Event of Default or an acquiescence therein.  Any right, remedy or power conferred upon Holder hereunder may be exercised from time to time, independently or concurrently, and as often as it shall deem expedient. No waiver of any Event of Default by Holder shall extend to or shall affect any subsequent Event of Default.  No single or partial exercise of any right, remedy or power by Holder shall preclude further exercise thereof by Holder.  Acceptance by Holder of partial payments following acceleration of the indebtedness evidenced hereby shall not constitute a waiver by Holder of the acceleration of such indebtedness.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 3 of 6

### Costs and Expenses

9.       In the event of a dispute regarding this Note or if enforcement proceedings are required in order to collect this Note, the prevailing party shall be entitled to recover all reasonable costs and expenses, including attorneys' fees.

### The Relationship

10.      During the term of this Note, Borrower shall maintain his securities registration with a Cetera affiliated broker-dealer, and that broker-dealer shall be the only broker-dealer with which the Borrower is registered (referred to herein as the "Relationship").

This Note confers no rights to registration or affiliation with any of the affiliated broker-dealers, and is entirely independent and unrelated to the Borrower's relationship with the broker-dealers. Any issues related to the Relationship, including claims related or stemming from Borrower's affiliation or association with the broker-dealers are solely between the Borrower and applicable broker-dealer and have no impact on the Borrower's obligations with respect to this Note.

### Payment of Installments of Principal and Interest

11.      The Note shall be repaid as follows:

a.     Beginning on **January 31, 2014**, and on or before **the last day of each month** thereafter for a period of **Five (5) years**, Borrower shall make payments equal to the accrued but unpaid interest, plus 1/60th of the original Principal Amount such that all the Principal Amount and interest shall be fully amortized and repaid no later than **December 31, 2018**. Holder shall provide Borrower with an amortization schedule providing for minimum payments, at the interest rate as defined above.

b.     All payments shall be made in immediately available funds, consisting of United States currency and received by Holder at its address above, or deposited to such account or received at such alternate location as Holder may require by notice to Borrower, on or before the first business day of each calendar month thereafter for the duration of this Agreement.

c.     The Borrower at any time may elect to make a payment in excess of the minimum required payment with no pre-payment penalty.

### Miscellaneous

12.      Nothing contained in this Note, or in any other document relating hereto, shall be construed or so operate as to require Borrower to pay interest in an amount or at a rate greater than the highest rate permissible under applicable law. Any interest or other charge paid by Borrower in excess of the highest rate permissible under applicable law shall be automatically credited against and in reduction of the principal balance, and any portion of said excess that exceeds the principal balance shall be paid by the Holder to Borrower.

### Severability

13.      If any provision (or any part of any provision) contained in this Note shall for any reason be held or deemed to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained herein, and the remaining provisions of this Note shall remain in full force and effect.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 4 of 6

## Confidentiality

14.     Borrower agrees not to disclose, directly or indirectly, the terms or existence of this Note or any fact concerning its negotiation, execution or implementation to anyone; provided, however, Borrower may disclose the terms of the Note  (i) to the Borrower's spouse; (ii) to his legal counsel and accountant; (iii) to a court pursuant to subpoena or order; (iv) to taxing authorities as necessary to comply with any statute; and (v) as otherwise as required by law or industry regulation.

## Amendment

15.     No amendment, supplement, modification, waiver, discharge or other change to this Note shall be binding unless executed in writing by all parties to be bound thereby.  No waiver of any of the provisions of this Note shall be deemed or shall constitute a waiver of any other provision of this Note, nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

## Law to Govern

16.     This Note shall be governed by the internal substantive laws of the State of California.

## Venue

17.     The parties to this Note agree that any suit, action or proceeding arising out of or relating to this Note must be initiated or heard in a state or federal court, in the City of Los Angeles, County of Los Angeles, State of California.

## Time

18.     Time is of the essence in the payment and performance of this Note.  Whenever, however, a payment hereunder becomes due on a day that is not a business day for the Holder, the due date for such payment shall be extended to the next succeeding business day and interest applicable to such amount shall accrue during any such extension.

## Assignment

19.     This Note may be assigned by Holder without the consent of Borrower.  This Note may not be assigned by Borrower.  Any attempt to assign this Note by Borrower shall be void.

## Power of Attorney; Confession of Judgment

20.     The undersigned authorizes any attorney at law to appear in any court of record of competent jurisdiction after the obligations of this Note become due, whether by acceleration or otherwise, to admit the maturity thereof, to waive the issuing of service of process and to confess a judgment against the undersigned in favor of any holder of this Note for the amount then appearing due and all reasonable costs and expenses, including attorneys fees.

**WARNING: BY SIGNING THIS NOTE, YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL.  IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE, AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR, WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH ANY AGREEMENT, OR ANY OTHER CAUSE.**

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 5 of 6

THE UNDERSIGNED HEREBY WAIVES PRESENTMENT FOR PAYMENT, DEMAND, NOTICE OF DEMAND, NOTICE OF NONPAYMENT, NOTICE OF DISHONOR, PROTEST, NOTICE OF PROTEST AND DILIGENCE IN BRINGING SUIT AGAINST ANY PARTY HERETO.

"BORROWER"

Michael Kolacz

10-31-13
Date

State of Texas )
County of Rockwall )

Before me, a notary in and for said county and state, personally appeared **Michael Kolacz**, who acknowledged his execution of the above Promissory Note as his free and voluntary deed for the purposes stated therein this 31 day of October , 2013.

Matthew F Epstein
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires
09/05/2016

Notary Public

This Note shall not be effective until executed above and countersigned by an officer of Cetera. Until such time as this Note is countersigned, Cetera shall have no obligation to honor the Note offered or otherwise subject to the terms hereof.

Accepted and Approved

CETERA FINANCIAL GROUP, INC.,

By: _____

Print Name: Jon C. Frojen

Title: CFO

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Michael Kolacz
November 1, 2013
Page 6 of 6

# Exhibit 5

## Loan Amortization Schedule    **Name**  Michael Kolacz    **CFG0259**

Notes:

| | Enter values | | Loan summary | |
|---|---|---|---|---|
| Loan amount | $100,000.00 | Scheduled number of payments | 60 | |
| Annual interest rate | LIBOR+5% | Scheduled payment amount | $1,684.77 | $    101,086.27 |
| Loan period in years | 5 | | **Balance Summary** | |
| Number of payments per year | 12 | Current Balance: | 56,989.21 | |
| Loan Date | 11/1/2013 | Current Interest: | - | |
| Booked/Paid Date | | Accumulated Interest: | 18,044.53 | |
| Maturity Date | 12/31/2018 | | | |
| Default Rate | 11.5% | | | |

| Pmt No. | Payment Date | Beginning Balance | Interest Rate | Adjustments | Payments | Interest | Cumulative Interest | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| 0 | 11/1/13 | $100,000.00 | 6.50% | $    - | $    - | $    - | $    - | $   100,000.00 |
| 1 | 11/30/13 | 100,000.00 | 6.50% | | | 541.67 | 541.67 | 100,541.67 |
| 2 | 12/31/13 | 100,541.67 | 6.50% | | | 544.60 | 1,086.27 | 101,086.27 |
| 3 | 1/31/14 | 101,086.27 | 6.50% | | 2,232.32 | 547.55 | 1,633.82 | 99,401.50 |
| 4 | 2/28/14 | 99,401.50 | 6.50% | | 2,223.20 | 538.42 | 2,172.24 | 97,716.72 |
| 5 | 3/31/14 | 97,716.72 | 6.50% | | 2,214.07 | 529.30 | 2,701.54 | 96,031.95 |
| 6 | 4/30/14 | 96,031.95 | 6.50% | | 2,204.94 | 520.17 | 3,221.71 | 94,347.18 |
| 7 | 5/31/14 | 94,347.18 | 6.50% | | 2,195.82 | 511.05 | 3,732.76 | 92,662.41 |
| 8 | 6/30/14 | 92,662.41 | 6.50% | | 2,186.69 | 501.92 | 4,234.68 | 90,977.64 |
| 9 | 7/31/14 | 90,977.64 | 6.50% | | 2,177.57 | 492.80 | 4,727.48 | 89,292.87 |
| 10 | 8/31/14 | 89,292.87 | 6.50% | | 2,168.44 | 483.67 | 5,211.15 | 87,608.10 |
| 11 | 9/30/14 | 87,608.10 | 6.50% | | 2,159.31 | 474.54 | 5,685.69 | 85,923.33 |
| 12 | 10/31/14 | 85,923.33 | 6.50% | | 2,150.19 | 465.42 | 6,151.11 | 84,238.56 |
| 13 | 11/30/14 | 84,238.56 | 6.50% | | 2,141.06 | 456.29 | 6,607.40 | 82,553.79 |
| 14 | 12/31/14 | 82,553.79 | 6.50% | | 2,131.94 | 447.17 | 7,054.57 | 80,869.02 |
| 15 | 1/31/15 | 80,869.02 | 6.50% | | 2,122.81 | 438.04 | 7,492.61 | 79,184.25 |
| 16 | 2/28/15 | 79,184.25 | 6.50% | | 2,113.69 | 428.91 | 7,921.52 | 77,499.47 |
| 17 | 3/31/15 | 77,499.47 | 6.50% | | 2,104.56 | 419.79 | 8,341.31 | 75,814.70 |
| 18 | 4/30/15 | 75,814.70 | 6.50% | | 2,095.43 | 410.66 | 8,751.98 | 74,129.94 |
| 19 | 5/31/15 | 74,129.94 | 6.50% | | 2,086.31 | 401.54 | 9,153.51 | 72,445.16 |
| 20 | 6/30/15 | 72,445.16 | 6.50% | | 2,077.18 | 392.41 | 9,545.92 | 70,760.39 |
| 21 | 7/31/15 | 70,760.39 | 6.50% | | 2,068.06 | 383.29 | 9,929.21 | 69,075.62 |
| 22 | 8/31/15 | 69,075.62 | 6.50% | | 2,058.93 | 374.16 | 10,303.37 | 67,390.85 |
| 23 | 9/30/15 | 67,390.85 | 6.50% | | 2,049.80 | 365.03 | 10,668.40 | 65,706.08 |
| 24 | 10/31/15 | 65,706.08 | 6.50% | | 2,040.68 | 355.91 | 11,024.31 | 64,021.31 |
| 25 | 11/30/15 | 64,021.31 | 6.50% | | 2,031.55 | 346.78 | 11,371.09 | 62,336.54 |
| 26 | 12/31/15 | 62,336.54 | 6.50% | | 2,022.43 | 337.66 | 11,708.75 | 60,651.77 |
| 27 | 1/31/16 | 60,651.77 | 6.50% | | 2,013.30 | 328.53 | 12,037.28 | 58,967.00 |
| 28 | 2/29/16 | 58,967.00 | 6.50% | | 2,004.18 | 319.40 | 12,356.68 | 57,282.22 |
| 29 | 3/31/16 | 57,282.22 | 6.50% | | 1,995.05 | 310.28 | 12,666.96 | 55,597.45 |
| 30 | 4/30/16 | 55,597.45 | 6.50% | | 1,985.92 | 301.15 | 12,968.12 | 53,912.69 |
| 31 | 5/31/16 | 53,912.69 | 11.50% | | 1,976.80 | 516.66 | 13,484.78 | 52,452.55 |
| 32 | 6/30/16 | 52,452.55 | 11.50% | | | 502.67 | 13,987.45 | 52,955.22 |
| 33 | 7/31/16 | 52,955.22 | 11.50% | | | 507.49 | 14,494.94 | 53,462.71 |
| 34 | 8/31/16 | 53,462.71 | 11.50% | | | 512.35 | 15,007.29 | 53,975.06 |
| 35 | 9/30/16 | 53,975.06 | 11.50% | | | 517.26 | 15,524.55 | 54,492.32 |
| 36 | 10/31/16 | 54,492.32 | 11.50% | | | 522.22 | 16,046.77 | 55,014.54 |
| 37 | 11/30/16 | 55,014.54 | 11.50% | | | 527.22 | 16,573.99 | 55,541.76 |
| 38 | 12/31/16 | 55,541.76 | 11.50% | | | 532.28 | 17,106.27 | 56,074.04 |
| 39 | 1/31/17 | 56,074.04 | 10.00% | (23.10) | | 467.28 | 17,573.55 | 56,518.22 |
| 40 | 2/28/17 | 56,518.22 | 10.00% | | | 470.99 | 18,044.53 | 56,989.21 |
| 41 | 3/31/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 42 | 4/30/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 43 | 5/31/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 44 | 6/30/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 45 | 7/31/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 46 | 8/31/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 47 | 9/30/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 48 | 10/31/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 49 | 11/30/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 50 | 12/31/17 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 51 | 1/31/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 52 | 2/28/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 53 | 3/31/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 54 | 4/30/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 55 | 5/31/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 56 | 6/30/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 57 | 7/31/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 58 | 8/31/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 59 | 9/30/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 60 | 10/31/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 61 | 11/30/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |
| 62 | 12/31/18 | 56,989.21 | 10.00% | | | - | 18,044.53 | 56,989.21 |

# Exhibit

# 6

UPS Internet Shipping: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the 'Find Locations' Quick link at ups.com.
   Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages. Hand the package to any UPS driver in your area.

UPS Access Point™          UPS Access Point™          UPS Access Point™
THE UPS STORE              THE UPS STORE              THE UPS STORE
82 NASSAU ST               64 BEAVER ST               71 BROADWAY
NEW YORK ,NY 10038         NEW YORK ,NY 10004         NEW YORK ,NY 10006

FOLD HERE





Travis McGregor, Esq.
Senior Counsel
100 William Street, 3rd Fl., STE 301
New York, NY 10038
OFFICE: 332.204.8762
Travis.McGregor@cetera.com

August 12, 2019

**<u>VIA MAIL</u>**
Michael Kolacz
2600 Ridge Rd.,
Rockwall, TX 75087

      **Re:    Amount owed to Cetera Advisors LLC**

Dear Mr. Kolacz:

      As a result of the termination of your registration with Cetera Advisors LLC ("Cetera") on April 22, 2016 ("Termination Date"), $182,891.89 is now due and payable to Cetera within ten (10) business days from your receipt of this letter.

**PROMISSORY NOTE#1**

      As you are aware, you signed a Promissory Note on or about November 1, 2013 in the amount of $175,000.00 ("Note #1"), a copy of which is attached as Exhibit "A". The terms of Note#1 requires immediate repayment of any outstanding balance due if your Termination Date occurs before the full amount of Note#1 is repaid. As of your Termination Date, and after reducing the outstanding balance by all commissions, incentive bonus payments, overrides and other moneys due to you, if any, $124,915.19 of Note #1 remains due and payable to Cetera.

**PROMISSORY NOTE#2**

      In addition to Note #1, you also signed a second Promissory Note on or about November 1, 2013 in the amount of $100,000.00 ("Note #2"), a copy of which is attached as Exhibit "B". The terms of Note#2 requires immediate repayment of any outstanding balance due if your Termination Date occurs before the full amount of Note#2 is repaid. As of your Termination Date, and after reducing the outstanding balance by all commissions, incentive bonus payments, overrides and other moneys due to you, if any, $56,989.21 of Note #2 remains due and payable to Cetera.

**DEBIT BALANCE**

      In addition to the outstanding Note balances, following the termination of your registration with Cetera, there was a commission reversal that resulted in a debit balance in your registered representative account numbers (40162 and 40366) in the amount of $987.49[1]. A copy

---

[1] The debit balance report shows an outstanding balance of $1,397.66. The firm is not demanding payment of fees for Pershing – Unsecured Debit totaling $410.17.

Page 2



of the debit balance report is attached hereto as Exhibit "C". Pursuant to sections 2b and 4 of the independent contractor agreement you signed on or about October 18, 2013, attached hereto as Exhibit "D", you are obligated to repay the firm $987.49 for the commission reversal.

Cetera has made several attempts to collect this debt including retention of third-party collection agency, American Recovery Service Incorporated ("ARSI"), however these attempts have been unsuccessful. Cetera hereby requests that you deliver to my attention, a check payable to "Cetera Advisors LLC" in the amount of $182,891.89 for the Notes and debit balances owed.

If you fail to pay the amount owed within ten (10) days of your receipt of this letter, Cetera will file an arbitration through FINRA's Dispute Resolution forum against you for the amount owed as well as interest, attorney's fees and other costs associated with the collection of this debt. Your prompt attention to this matter is recommended.

Best regards,

Travis McGregor, Esq.
Senior Counsel

Enclosure











TRAVIS MCGREGOR
100 WILLIAM STREET, SUITE 301
NEW YORK, NY 10038

0.1 LBS    LTR    1 OF 1

SHIP TO:
MICHAEL KOLACZ
2190 PORTOFINO DR.
ROCKWALL  TX 75032

TX 751 9-04

UPS 2ND DAY AIR    2
TRACKING #: 1Z 046 1A1 02 9011 0031

BILLING: P/P

Reference #1: Kolacz - COL.

XOCL.19.08.02    NV45 15.0A.07/2019



Travis McGregor, Esq.
Senior Counsel
100 William Street, 3rd Fl., STE 301
New York, NY 10038
OFFICE: 332.204.8762
Travis.McGregor@cetera.com

August 2, 2019

**VIA MAIL**
Michael Kolacz
2190 Portofino Dr.,
Rockwall, TX 75032

      **Re:**    **Amount owed to Cetera Advisors LLC**

Dear Mr. Kolacz:

As a result of the termination of your registration with Cetera Advisors LLC ("Cetera") on April 22, 2016 ("Termination Date"), $182,891.89 is now due and payable to Cetera within ten (10) business days from your receipt of this letter.

**PROMISSORY NOTE#1**

As you are aware, you signed a Promissory Note on or about November 1, 2013 in the amount of $175,000.00 ("Note #1"), a copy of which is attached as Exhibit "A". The terms of Note#1 requires immediate repayment of any outstanding balance due if your Termination Date occurs before the full amount of Note#1 is repaid. As of your Termination Date, and after reducing the outstanding balance by all commissions, incentive bonus payments, overrides and other moneys due to you, if any, $124,915.19 of Note #1 remains due and payable to Cetera.

**PROMISSORY NOTE#2**

In addition to Note #1, you also signed a second Promissory Note on or about November 1, 2013 in the amount of $100,000.00 ("Note #2"), a copy of which is attached as Exhibit "B". The terms of Note#2 requires immediate repayment of any outstanding balance due if your Termination Date occurs before the full amount of Note#2 is repaid. As of your Termination Date, and after reducing the outstanding balance by all commissions, incentive bonus payments, overrides and other moneys due to you, if any, $56,989.21 of Note #2 remains due and payable to Cetera.

**DEBIT BALANCE**

In addition to the outstanding Note balances, following the termination of your registration with Cetera, there was a commission reversal that resulted in a debit balance in your registered representative account numbers (40162 and 40366) in the amount of $987.49[1]. A copy

---

[1] The debit balance report shows an outstanding balance of $1,397.66. The firm is not demanding payment of fees for Pershing – Unsecured Debit totaling $410.17.

Page 2



of the debit balance report is attached hereto as Exhibit "C". Pursuant to sections 2b and 4 of the independent contractor agreement you signed on or about October 18, 2013, attached hereto as Exhibit "D", you are obligated to repay the firm $987.49 for the commission reversal.

Cetera has made several attempts to collect this debt including retention of third-party collection agency, American Recovery Service Incorporated ("ARSI"), however these attempts have been unsuccessful. Cetera hereby requests that you deliver to my attention, a check payable to "Cetera Advisors LLC" in the amount of $182,891.89 for the Notes and debit balances owed.

If you fail to pay the amount owed within ten (10) days of your receipt of this letter, Cetera will file an arbitration through FINRA's Dispute Resolution forum against you for the amount owed as well as interest, attorney's fees and other costs associated with the collection of this debt. Your prompt attention to this matter is recommended.

Best regards,

Travis McGregor, Esq.
Senior Counsel

Enclosure